UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:20CV-P158-JHM

JEREMY RAY WICKS                                      PLAINTIFF

V.

HOPKINS COUNTY, ET AL.                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant Hopkins County filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. [DN 22]. Plaintiff filed a letter in response. [DN 30]. Defendant Hopkins County did not file a reply. Fully briefed, this matter is ripe for decision. For the reasons set forth below, the Defendant Hopkins County's motion for summary judgment is **DENIED**.

**I. BACKGROUND**

Plaintiff Jeremy Ray Wicks, a pretrial detainee at Hopkins County Detention Center, filed the instant *pro se* action under 42 U.S.C. § 1983. [DN 1, DN 26]. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims for deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment to proceed against Defendant Matthew Johnson in his individual and official capacities and against Hopkins County, Advanced Correctional Healthcare ("ACH"), and West Kentucky Correctional Healthcare ("WKCH"). [DN 6, DN 7, DN 32]. Defendant Hopkins County filed an answer to the complaint. In May of 2020, Hopkins County filed a motion for summary judgment. However, since that time, the Court permitted Plaintiff to file a supplemental complaint and statement of claims [DN 26, DN 27] and extended the discovery deadline to November 19, 2021 [DN 32].

## II.  STANDARDS OF REVIEW

### A.  Motion to Dismiss

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," *id.* at 678 (quoting *Twombly*, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," *id.* at 679.  Instead, the allegations must "show[ ] that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B.  Summary Judgment

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a

genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

#### A. Policy, Practice, or Custom

While Defendant Hopkins County labels its entire motion as one for summary judgment, Hopkins County moves to dismiss the municipal liability claim arguing that Plaintiff failed to allege or identify a policy or custom on the part of the county that caused the alleged deprivation of medical care. [DN 22-1 at 2–3]. The Court will review this argument with the motion to dismiss standard.

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is

3

limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)) (emphasis in original).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  A custom is a practice "that has not been formally approved by an appropriate decision maker," but is "so widespread as to have the force of law." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

In the instant case, Plaintiff alleges that he has been denied medical treatment at the Hopkins County Detention Center ("HCDC") as a result of the actions of HCDC, the physician at the facility, and the contracted medical providers.  He alleges that he has a history of acid reflux, Gastro Esophageal Reflux Disease ("GERD"), and severe esophageal problems, that prior to his incarceration a physician indicated that he may need surgery due the severity of the condition, that a medical professional scheduled an endoscopy to determine the severity, and that because of his incarceration he did not have the endoscopy.  Plaintiff states that he has repeatedly requested treatment from the medical department at "HCDC".  [DN 1 at 5].  Plaintiff asserts that he is in constant pain, throws up blood and bile several times a week, experiences heartburn and constipation, and is unable to eat the meals provided by HCDC because the meals contain ingredients that aggravate his condition.  [*Id.*; DN 26 at 5, DN 27].  Since his incarceration at HCDC, Plaintiff contends that his symptoms have started to include convulsing, vomiting in his sleep, and dental problems.  [DN 26 at 5, DN 26-1].  Despite the worsening of his conditions, HCDC and the medical staff have repeatedly refused to provide prescription medication and

4

gastrointestinal testing. Instead, they merely place him in medical segregation.

The documents attached to Plaintiff's supplemental complaint reflect that HCDC received over 20 "red flags" from Plaintiff's medical segregation block where HCDC staff found Plaintiff at times vomiting blood. While HCDC staff on some occasions would notify medical, on other occasions the deputy would advise Plaintiff that medical was already aware of the situation. [DN 26-1]. Additionally, on at least one occasion, the deputy informed Plaintiff that using the red flag for non-emergencies would result in disciplinary actions. [*Id.*].

Plaintiff also alleges that HCDC and the medical staff deny him prescription medication for his condition. Instead, he has been instructed by medical staff to purchase over-the-counter Prilosec; however, he represents that he is sometimes unable to purchase the medicine because of his poverty and because HCDC doubles the cost of the over-the-counter medicine to pay for his sick calls. Plaintiff further represents that each medical visit with a nurse costs a processing fee of $35.00 and a visit with the site physician costs an additional $50.00 processing fee, despite the "clear directive in KRS § 441.045 that jails pay for all necessary medical costs of indigent persons in their care." [DN 27 at 6–7]. According to Plaintiff, HCDC jail policies also only "allow [him] to discuss one medical condition at a time with any medical professional." [*Id.*]. Finally, Plaintiff contends that HCDC also punishes him for seeking medical care by taking away his ability to buy commissary food. [DN 27 at 9].

While not scattered with legalese, Plaintiff adequately alleges in his pleadings that the lack of treatment of his potentially serious medical condition is a result of policies, customs, or practices of HCDC to not inform medical when a "red flag" notification is made, to require indigent inmates to purchase over-the-counter medication to treat potentially severe medical conditions, and to require indigent inmates to pay for sick visits which interferes with his ability to purchase over-

the-counter medication. *See, e.g.*, *Farr v. Centurion of Tennessee, LLC*, No. 17-5482, 2018 WL 5621612, at *2 (6th Cir. June 5, 2018) (allegations that municipality or contracted medical provider deprived an inmate of adequate medical care in order to save money, i.e., directing inmates to purchase their own medicine at the commissary and refusing to take inmates to specialists, sufficiently alleged Eighth Amendment claim). Furthermore, the Court previously considered in its § 1915A review whether Plaintiff's allegations contained sufficient factual matter to state a claim for relief against Hopkins County and permitted that claim to proceed. [DN 6].

For these reasons, Hopkins County's motion to dismiss on this ground is denied.

### B. Serious Medical Condition

Hopkins County argues that summary judgment is warranted in the present case because acid reflux does not constitute a serious medical condition as a matter of law. Hopkins County also argues that Plaintiff has failed to present any medical proof that his acid reflux is a serious medical need or that an agent of Hopkins County was deliberately indifferent to his medical need.

The Tenth Circuit has observed that "GERD—also known as acid reflux—is a common problem and in many instances is not a serious condition warranting [constitutional] scrutiny." *Tennyson v. Raemisch*, 638 F. App'x 685, 689 (10th Cir. 2015). Various courts have concluded that acid reflux under the facts presented in those cases does not constitute an objectively serious medical condition. *Williamson v. Bolton*, No. 3:18-CV-529-CHB, 2019 WL 96306, at *5 (W.D. Ky. Jan. 3, 2019) ("Plaintiff's vague allegation that he was in pain due to acid [reflux] is not sufficient to establish a serious medical need to meet the objective standard of a deliberate indifference claim."); *Watson-El v. Wilson*, No. 08-CV-7036, 2010 WL 3732127, at *13 (N.D. Ill. Sept. 15, 2010) ("The court finds as a matter of law that the plaintiff's acid [reflux] did not rise to the level of a serious medical need for purposes of Eighth Amendment analysis."); *Fox v. Rodgers*,

6

No. 08-CV-14727, 2010 WL 2605940, at *3 (E.D. Mich. June 8, 2010) ("Plaintiff falls short of satisfying the objective component. He did not present any authority for the proposition that his acid reflux disease presented a serious medical need."); *Ross v. McGinnis*, No.00-CV-0275E, 2004 WL 1125177, at *10 (W.D.N.Y. Mar. 29, 2004) (diagnosis of chronic dyspepsia, a small hiatal hernia, and mild reflux esophagitis does not constitute a serious medical need); *Boldry v. Gibson*, No. 4:16-CV-P88-JHM, 2019 WL 1410912, at *6 (W.D. Ky. Mar. 28, 2019) ("Plaintiff has failed to produce evidence in response to the SHP Defendants' motion for summary judgment upon which a reasonable jury could conclude that he faced a risk of substantial harm unless he received Prilosec.").

Other courts have found that acid reflux may constitute a serious medical need where it is accompanied by more than vague complaints of pain, such as five days of vomiting acid while sleeping, *Bell v. Jendell*, 980 F. Supp. 2d 555, 560 (S.D.N.Y. 2013), or interference with the ability to eat, *Lane v. Corizon Healthcare*, No. 3:13-CV-519 JD, 2013 WL 5348489 (N.D. Ind. Sept. 23, 2013). *See also Miller v. Campanella*, 794 F.3d 878, 880 (7th Cir. 2015) ("Leaving a serious case of GERD untreated for two months is a dereliction of medical duty"); *Gray v. Wexford of Indiana, LLC*, No. 1:19-CV-01880-TWP-TAB, 2021 WL 798053, at *5 (S.D. Ind. Mar. 2, 2021) (GERD is a serious medical condition); *Henderson v. Smith*, No. 7:19-CV-00420, 2021 WL 867585, at *5 n. 5 (W.D. Va. Mar. 4, 2021) ("[T]he doctors' own decisions to continue Henderson on medications for months and years [for his GERD] indicates that they consider his symptoms serious enough to warrant treatment."); *Dobbey v. Randle*, No. 10-CV-3965, 2015 WL 5245003, at *7 (N.D. Ill. Aug. 26, 2015) (Chronic abdominal pain and GERD are objectively serious medical conditions). Thus, contrary to Hopkins County's argument, acid reflux or GERD *may* qualify as a serious medical condition.

With respect to Hopkins County's argument that summary judgment is warranted because Plaintiff failed to *prove* that GERD or acid reflux from which he suffers is a serious medical condition or that an HCDC agent was deliberately indifferent to his medical need, the Court disagrees.

Hopkins County fails to identify any evidence or attach any documentation to its motion for summary judgment in support of its assertion that no genuine issue of material fact exists with respect to Plaintiff's deliberate indifference to medical condition claim. A party asserting that a fact cannot be genuinely disputed "must support the assertion by[ ] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Thus, Hopkins County fails to satisfy its burden under the summary judgment standard.

Notwithstanding, the Court finds that Plaintiff provided specific facts showing that a genuine factual issue exists, at least with the current record. In his verified complaint and supplemental complaint, Plaintiff submitted both his statement, medical records, and medical requests to HCDC regarding his history of acid reflux, GERD, and severe esophageal problems. [DN 1, DN 26]. Plaintiff further averred that prior to his incarceration at HCDC, a physician indicated that he may need surgery due the severity of his acid reflux. Plaintiff stated that he is in constant pain, throws up blood and bile several times a week, experiences heartburn and constipation, and is unable to eat the meals provided by HCDC because the meals contain ingredients that aggravate his condition. [DN 1 at 5, DN 26 at 5, DN 27]. Since his incarceration at HCDC, Plaintiff averred that his symptoms have started to include convulsing, vomiting in his sleep, and dental problems. [DN 26 at 5, DN 26-1]. Finally, Plaintiff tendered evidence that on

some occasions when informed of Plaintiff throwing up blood and bile, an HCDC deputy advised Plaintiff that medical was already aware of the situation or, on at least one occasion, the deputy informed Plaintiff that continued reporting of his medical condition would result in disciplinary actions. [DN 26-1].

Plaintiff's verified complaint carries the same weight as an affidavit because he signed the complaint under penalty of perjury, *see El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008), and the Sixth Circuit accepts a verified complaint, to the extent that it is based on personal knowledge, as an opposing affidavit within the meaning of Fed. R. Civ. P. 56(c). *See Hooks v. Hooks*, 771 F.2d 935, 945–46 (6th Cir. 1985). Thus, in light of Plaintiff's factual statements, exhibits tendered with his verified complaint and supplemental complaint, and Hopkins County's failure to present any evidence in support of its position, the Court finds that Plaintiff presented specific facts showing that he suffers from a serious medical condition and presented evidence suggesting a deliberate indifference to his medical needs from HCDC.

Finally, the Court notes that Hopkins County's motion for summary judgment is premature in that Plaintiff's new deadline for completing discovery has not expired. [DN 32].

Accordingly, Hopkins County's motion for summary judgment is denied.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant Hopkins County for summary judgment pursuant to Fed. R. Civ. P. 56 [DN 22] is **DENIED** with leave to refile after the close of discovery.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record

September 7, 2021