UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:20-CV-00158 -JHM

JEREMY RAY WICKS                                                        PLAINTIFF

v.

HOPKINS COUNTY, *et al.*                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Jeremy Ray Wicks's ("Wicks") Motion for Summary Judgment [DN 41]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion for Summary Judgment is **DENIED with leave to refile after completion of discovery.**

### I. BACKGROUND

Wicks is a pretrial detainee at the Hopkins County Detention Center ("HCDC"). Since before his detention, he has suffered from acid reflux and gastroesophageal reflux disease ("GERD"). [DN 1 at 4]. These digestive disorders cause abdominal and chest pains; vomiting bile and blood; heartburn; constipation; extreme body heat; convulsions; and more. [DN 26 at 5]. According to Wicks, his symptoms have worsened while in the HCDC. [*Id.*].

Throughout his detention, Wicks has filed numerous medical requests concerning his symptoms. *See* [DN 26-1 at 19–28]. On several occasions, other inmates have activated the facility's "red flag" emergency system to notify officers that Wicks was vomiting blood. *See* [*Id.* at 1–12]. In response, the HCDC medical department has checked Wicks's vital signs and occasionally placed him under medical observation. [DN 9 at 4]; [DN 26 at 4]. Staff also recommends he purchase medication, Prilosec, from the facility commissary. [DN 26 at 4]. Due to limited financial resources, Wicks must borrow money from his family to purchase this over-

1

the-counter drug. [DN 9 at 4–5]. Aside from voicing frustration over this policy, Wicks asserts "it is not really medical treatment" since the medication label states it "is not supposed to be taken for more than 2 weeks without seeking further medical attention/treatment." [*Id.*]; [DN 26 at 4]. Wicks has taken it for one year without additional treatment. [DN 41 at 2]. But, even when taking this medicine, he still endures some of the symptoms. [DN 9 at 4].

Wicks's *pro se* Complaint [DN 1] alleges a constitutional violation under 42 U.S.C. § 1983, claiming HCDC staff were deliberately indifferent to his serious medical need. [*Id.* at 4–5]. This suit names Hopkins County ("the County"), Advanced Correctional Healthcare[1] ("Advanced"), West Kentucky Correctional Healthcare ("West Kentucky Correctional"), and HCDC physician Matthew Johnson ("Johnson") as defendants (cumulatively "the Defendants").[2] [DN 1 at 2]; [DN 26]. He seeks monetary damages and injunctive relief in the form of medical treatment and the replacement of his commissary items. [DN 1 at 6].

Wicks filed this Motion for Summary Judgment [DN 41]—also styled as a "Pre-Trial Memorandum"—on October 14. [*Id.*]. Advanced, West Kentucky Correctional, and the County filed separate responses, though sharing similar arguments. [DN 46]; [DN 48]; [DN 49]. Additionally, West Kentucky Correctional currently has a pending motion seeking additional time to complete discovery. [DN 50].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter

---

[1] Advanced argues that Wicks's claims almost entirely focus on events that occurred after HCDC healthcare services switched from Advanced to Western Kentucky Healthcare in September 2021. [DN 46 at 2–3]. However, Wicks's noted that some incidents where he notified staff "occur[ed] on 7-8-20 [and] 8-6-20 . . . ." [DN 27 at 2].
[2] Wicks initially sued HCDC, but the Court replaced this defendant with the County. [DN 6 at 2]. In that same opinion, the Court similarly dismissed HCDC's "Medical Staff" as a defendant. [*Id.*].

of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

Under § 1983, Wicks alleges the Defendants were deliberately indifferent to his serious medical need. When a pretrial detainee raises a deliberate indifference claim, "the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Phillips v. Roane Cnty.*, 534 F.3d 531, 539 (6th Cir. 2008). "The deliberate indifference standard contains both an objective and subjective component." *Downard for Est. of Downard v. Martin*, 968 F.3d 594, 600 (6th Cir. 2020). For the objective component, the plaintiff must show a "sufficiently serious medical need . . . ." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 567 (6th Cir. 2020). For the subjective component, "[a] defendant must have not only acted deliberately (not accidentally), but also recklessly 'in the

3

face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Continuing, "[a] pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* at 596–97 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). "Mere negligence is insufficient." *Id.* at 596.

To support their argument in opposition of summary judgment, Defendants highlight Wicks's lack of expert or medical proof. Citing Sixth Circuit precedent, they contend a plaintiff "must produce a medical expert to claim a deliberate indifference to serious medical needs." [DN 48 at 2–3] (citing *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017) and *Jackson v. Gibson*, 779 F. App'x 343, 346 (6th Cir. 2019)). The Defendants oversimplify this analysis. Elsewhere, the Sixth Circuit has found that "[w]hen a serious medical need is obvious, a plaintiff does not need to provide verifying medical evidence of harm." *Martin v. Warren Cnty.*, 799 F. App'x 329, 338 (6th Cir. 2020); *see also Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898–900 (6th Cir. 2004). But, if a plaintiff's medical need "is not obvious and 'is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious,' [they] must supply medical proof of injury at summary judgment." *Martin*, 799 F. App'x at 338 (quoting *Blackmore*, 390 F.3d at 898). Moreover, *Jackson*, one of two cases the Defendants rely on, stated, "[W]e have not always required the plaintiff's 'medical proof' to be expert medical testimony." 779 F. App'x at 346. Wicks supplied "medical proof" in the form of medical request history and physician progress notes. *See generally* [DN 26]. Thus, while expert medical testimony would certainly be useful to prove whether *Wicks* had a "serious medical need," there is a question whether precedent *requires* him to provide it.

4

Nonetheless, the Court must deny Wicks's motion. Under Federal Rule of Civil Procedure 56, a court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Green v. Burton Rubber Processing, Inc.*, 30 F. App'x 466, 469 (6th Cir. 2002). Without addressing whether Wicks's digestive disorder constitutes a serious medical need, a genuine dispute exists on the subjective component of his deliberate indifference claim. The evidence shows HCDC staff *did* provide care to Wicks, including observing his vital signs, recommending he stop consuming spicy foods, and advising him to purchase Prilosec from the commissary. *See, e.g.,* [DN 26 at 4]; [DN 26-1 at 21]. Generally, in cases "[w]here a prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments.'" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v.* Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)). Still, "treatment may be constitutionally impermissible when it is so woefully inadequate as to amount to no treatment at all." *Richmond v. Huq*, 885 F.3d 928, 939 (6th Cir. 2018) (internal quotation marks omitted). Viewing the evidence in the Defendants' favor, a genuine dispute exists on whether their actions exhibited "reckless disregard" under *Brawner*.

Additionally, Wicks's motion is premature. In its initial Revised Scheduling Order [DN 32], the Court ordered the parties to "complete all pretrial discovery herein no later than November 19, 2021." [*Id.* at ¶ 6]. Wicks filed this motion on October 14, 2021—a month before that deadline. *See* [DN 41]. The Court's Second Revised Schedule Order [DN 40] permitted the parties to "file dispositive motions at any time after providing the discovery required or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion." [*Id.*]. When Wicks entered this motion, the parties had not completed discovery. Even now, the parties have not concluded discovery; before the original deadline passed, West Kentucky Correctional filed a

5

Motion for Extension of Time to Complete Discovery. [DN 50]. "[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery." *White's Landing Fisheries, Inc. v. Buchholzer,* 29 F.3d 229, 231–32 (6th Cir. 1994); see *also American Mut. Ins. Co. v. Transatlantic Reinsurance Co.*, No. 2:18-CV-11966, 2021 WL 4340521, at *1 (E.D. Mich. Mar. 18, 2021) ("a non-movant must have some discovery before the Court may grant summary judgment"); *Harris v. Jiangsu ASG Earth Env't Prot. Sci. & Tech. Co.*, No. 13-44, 2014 WL 4661953, at *2–3 (E.D. Ky. Sept. 18, 2014); *Fifth Third Bank v. Jefferson Pilot Secs. Corp.*, No. 4:06CV-122, 2007 WL 773734 (W.D. Ky. Mar. 8, 2007). Since discovery is incomplete, summary judgment is improper at this time.

However, Wicks may refile this motion once the parties complete discovery. The Court instructs Wicks that, in order for him to succeed, he must demonstrate no genuine issue of material fact for trial and must support this assertion by citing to facts that can be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c). **Wicks must support his facts with affidavits (his own statement or witness statements, either sworn or signed under penalty of perjury) and/or other documents showing no genuine dispute of material fact.** The full text of Rule 56 (the summary-judgment rule) is attached to this Memorandum Opinion and Order.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Wicks's Motion for Summary Judgment [DN 41] is **DENIED with leave to refile after completion of discovery**.

**IT IS FURTHER ORDERED** that West Kentucky Correctional Healthcare's Motion for Extension of Time to Complete Discovery [DN 50] is **GRANTED**. The Court will issue a separate revised scheduling order.

cc: Jeremy Ray Wicks
      Plaintiff, *pro se*

Joseph H. McKinley Jr., Senior Judge
United States District Court

December 30, 2021

### FEDERAL RULE OF CIVIL PROCEDURE 56—SUMMARY JUDGMENT

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

   **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

      **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

      **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

   **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

   **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

   **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

   **(1)** defer considering the motion or deny it;

   **(2)** allow time to obtain affidavits or declarations or to take discovery; or

   **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

   **(1)** give an opportunity to properly support or address the fact;

   **(2)** consider the fact undisputed for purposes of the motion;

   **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

   **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

   **(1)** grant summary judgment for a nonmovant;

   **(2)** grant the motion on grounds not raised by a party; or

   **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.